## John, etc., v. Parks, etc.

*Ray, Coldren & Buck,* for plaintiff.

*Higbee, Lewellyn & Higbee,* and *Henderson, Parshall & Crow,* for defendants.

CARR, P. J., December 18, 1947.—In this action for wrongful death resulting from a collision between two motor vehicles upon a public highway in this county, the record discloses that decedent, his wife and daughter, in whose rights the action was brought, as well as one of the three defendants, were at the time of the accident residents of West Virginia, and that substitute service was made upon nonresident defendant in accordance with the provisions of the Nonresident Motorist Act of May 14, 1929, P. L. 1721, 75 PS §1201, as amended by the Act of April 24, 1931, P. L. 50. To the service so made upon him nonresident defendant has filed preliminary objections questioning our jurisdiction over him. He contends that the statute may be invoked only for the benefit of residents of this State, and not for the benefit of nonresidents, even though nominal plaintiff is an ancillary administrator residing in this county.

The statute provides that "From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Penn-

sylvania . . . shall, by such acceptance . . . and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

Thus the intention of the legislature to extend the benefits of the statute to all plaintiffs, regardless of residence, seems clear. The Secretary of Revenue is constituted the agent of "any nonresident" who accepts the privilege of operating a motor vehicle or having the same operated within this Commonwealth, and the agency is made to apply "in any civil suit or proceeding" against "such operator or owner" arising out of "any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." It is a fundamental rule of construction that when the words of a statute are general and unrestricted they are to be taken as including every member of the class indicated, and courts are not at liberty to insert limitations not called for by the sense or object of the statute. Even though the primary concern of the legislature may have been, as the defendant argues, to protect the citizens of this State, we cannot assume that it did not also recognize the interest of the State in protecting visitors from other States by affording them the means of convenient redress in case of injury.

Nor does the extension of the benefits of the statute to nonresidents violate any constitutional prohibition. The necessity that justifies the exercise of the police power for the benefit of the people of the Commonwealth is broad enough to justify the inclusion of others here lawfully present. The mere fact that there may be occasional cases in which a person injured happens to

be a resident of the same foreign State as one who injured him and therefore may not be as much in need of the protection of the statute as he would otherwise be, cannot affect its constitutionality any more than the inclusion with a class of persons whose situation is in some respects different from that of the majority of the class can, of itself, destroy the validity of the classification. In the present case, however, the statute does not merely provide an alternate forum; it enables plaintiff to join in one action for trial at the place where the accident occurred and where the evidence will be available all the persons of whose concurrent negligence he complains.